QUINCE, J.,
concurring in part and dissenting in part.
I concur with the majority’s finding that the evidence here is sufficient to sustain Cozzie’s convictions. However, I cannot agree with the majority’s finding that the Hurst error was harmless beyond a reasonable doubt. To the extent that I would not find the error harmless, I dissent.
In Hurst, we held that for a defendant to be eligible for the death sentence, a jury must unanimously find the existence of each aggravating factor, that the aggravating factors are sufficient, and that the aggravating factors outweigh the mitigating circumstances. Hurst, 202 So.3d at 44. Additionally, we held that the jury’s death sentence recommendation must be unanimous. Id. While I agreed in Hurst that Hurst v. Florida errors are subject to harmless error review, see id. at 68, I do *737 not believe that we can ever find Hurst error harmless when there are aggravating circumstances that require a factual determination based on evidence presented to the jury. Because Hurst “requires a jury, not a judge, to find each fact necessary to impose a sentence of death,” see Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 619, 193 L.Ed.2d 504 (2016), the error cannot be harmless where such a factual determination was not made.
The aggravating circumstances in this case were that the capital murder was: (1) committed in the course of a sexual battery, aggravated child abuse, and kidnapping; (2) especially heinous, atrocious, or cruel, (3) committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification, and (4) committed to avoid arrest. Only one of these aggravators was established by a factual determination by the jury because the jury found Cozzie guilty of the sexual battery, aggravated child abuse, and kidnapping of Courtney Wilkes. However, the remaining aggravators each required factual findings that, under Hurst, must now be considered and weighed by a jury. As we stated in Hurst, without an interrogatory verdict, we cannot determine which ag-gravators the jury unanimously found beyond a reasonable doubt. See Hurst, 202 So.3d at 67.
In Hurst, we declined to speculate why the jurors voted the way they did, yet because here the jury vote was unanimous, the majority is comfortable determining that the Hurst error in this case is harmless beyond a reasonable doubt. Majority op. at 732-33 (citing Davis v. State, 207 So.3d 142, 175 (Fla. 2016)). Even though the jury unanimously recommended the death penalty, whether the jury unanimously found each aggravating factor remains unknown. Furthermore, it is unclear from the record whether the jury truly did unanimously find that sufficient aggravating circumstances existed.
The harmless error review is not a sufficiency of the evidence test, and the majority’s analysis should instead focus on the effect of the error in the trier of fact. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). By substituting the jury’s unanimous recommendation for the fact-finding required by Hurst, the majority is engaging in the exact type of conduct the United States Supreme Court cautioned against in Hurst v. Florida. See Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 622, 193 L.Ed.2d 504 (2016). Because the harmless error review is not a sufficiency of the evidence review nor “a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence,” DiGuilio, 491 So.2d at 1138, I conclude that the error here was harmful.